UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.:

DANIELLA CARABALLO
and ALLISON BAUER,
on their behalf and on behalf
of others similarly situated,

    Plaintiffs,

v.

MINDY S. SOHN, P.A., and
MINDY SOHN, an individual

    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiffs, DANIELLA CARABALLO and ALLISON BAUER, by and through undersigned counsel, and sues Defendants, MINDY S. SOHN, P.A., and MINDY SOHN, and alleges as follows:

## GENERAL ALLEGATIONS

1. Plaintiffs, DANIELLA CARABALLO and ALLISON BAUER, bring this action against Defendants to recover unpaid minimum wages and unpaid overtime wages and other damages owed by Defendants to Plaintiffs by virtue of the Plaintiffs employment with the Defendants.

2. Jurisdiction is conferred on this Court by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206.

3. The unlawful employment practices alleged below occurred and/or were committed within this judicial district.

4. At all times material hereto, Plaintiff, DANIELLA CARABALLO, has been a citizen and resident of Broward County, Florida. CARABELLO consents to participate in this action.

5. At all times material hereto, Plaintiff, ALLISON BAUER, has been a citizen and resident of Palm Beach County, Florida. BAUER consents to participate in this action.

6. Pursuant to the FLSA, the Plaintiffs and proposed collective action members were subjected to similar violations of the FLSA. The potential collective action members sought to be certified under 29 U.S.C. § 216(b) is defined as: All persons who were employed by Defendants during the three years preceding this lawsuit and who were misclassified as independent contractors in order to avoid payment of overtime and who were not exempt and who were not paid overtime for hours worked on evenings and weekends.

7. At all times material hereto, MINDY S. SOHN, P.A., was Plaintiffs' employer as defined by law and a corporation conducting business in this judicial district.

8. At all times material hereto, MINDY S. SOHN, P.A., had employees engaged in commerce or in the production of goods for commerce, and/or had employees handling, selling, or otherwise working on goods or materials that were moved in or produced for commerce by a person. 29 U.S.C. §203.

9. At all times material hereto, MINDY S. SOHN, P.A., upon information and belief, had revenue in excess of $500,000.00 per annum.

10. Defendant, MINDY SOHN, is an officer and/or owner of Defendant, MINDY S. SOHN, P.A., and this individual Defendant commonly controlled the day-to-day operations of the

corporate Defendant and shared an interest in making profits through the operation of this corporate entity.

11. At all times material hereto, MINDY SOHN was Plaintiffs employer as defined by law.

12. At all times material hereto, Plaintiffs were individually engaged in commerce while working for the Defendants.

13. On many occasions throughout Plaintiffs' employment with Defendants, Plaintiffs worked in excess of forty hours per week and were not paid overtime.

14. On many occasions throughout Plaintiffs' employment with Defendants, Plaintiffs worked straight time hours for which they were not compensated.

15. During much of the Plaintiffs' employment, Plaintiffs were misclassified as 1099s rather than W-2 employees in order avoid the provisions of the FLSA.

16. All conditions precedent have occurred or have been waived.

17. Plaintiffs have engaged the undersigned attorney and are entitled to recover their attorneys' fees from the Defendants.

### COUNT I: FLSA RECOVERY OF UNPAID MINIMUM WAGES
### (As to All Defendants)

18. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

19. Plaintiff, Daniella Caraballo, worked for Defendants from approximately September 2018 to June 7, 2022 as a legal assistant.

20. Plaintiff, Allison Bauer, worked for Defendants from approximately July 1, 2022 to September 10, 2022 as a legal assistant.

21. Plaintiffs' primary duties and responsibilities included being legal assistants for the Defendants and doing any and all tasks the Defendants asked for.

22. The Defendants initially agreed to pay the Plaintiff, Daniella Caraballo, $10.00 per hour. As time went by, the Defendants paid the Plaintiff different amounts, ranging from $10.00, $15.00, to $17.00 per hour. The Plaintiff's final rate of pay was $1,000.00 per week. Defendants agreed to pay Plaintiff earned wages on a weekly basis.

23. The Defendants initially agreed to pay the Plaintiff, Allison Bauer, $20.00 per hour. However, throughout Plaintiff's employment, Defendants paid Plaintiff $15.00 per hour and then $20.00 per hour. Defendants agreed to pay Plaintiff earned wages on a weekly basis.

24. During one or more workweeks, Defendants did not pay Plaintiffs the statutory minimum wage for all hours worked by Plaintiffs, in violation of the FLSA, 29 U.S.C. § 206 and 207.

25. Plaintiffs were unlawfully denied minimum wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

26. By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiffs have suffered damages.

27. Plaintiffs are owed an additional amount equal to the amount of unpaid wages as liquidated damages.

28. Plaintiffs have engaged the undersigned attorney and are entitled to recover their attorneys' fees from the Defendants pursuant to the FLSA.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants, jointly and severally, for all unpaid minimum wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT II: FLSA RECOVERY OF OVERTIME WAGES
### (As to All Defendants)

29.  Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

30.  Plaintiff, Daniella Caraballo, worked for Defendants from approximately September 2018 to June 7, 2022 as a legal assistant.

31.  Plaintiff, Allison Bauer, worked for Defendants from approximately July 1, 2022 to September 10, 2022 as a legal assistant.

32.  Plaintiffs' primary duties and responsibilities included being an assistant for the Defendants and doing any and all tasks the Defendants asked for.

33.  The Defendants initially agreed to pay the Plaintiff, Daniella Caraballo, $10.00 per hour. As time went by, the Defendants paid the Plaintiff different amounts, ranging from $10.00, $15.00, to $17.00 per hour.  The Plaintiff's final rate of pay was $1,000.00 per week. Defendants agreed to pay Plaintiff earned wages on a weekly basis.

34.  The Defendants initially agreed to pay the Plaintiff, Allison Bauer, $20.00 per hour. However, throughout Plaintiff's employment, Defendants paid Plaintiff $15.00 per hour and then $20.00 per hour. Defendants agreed to pay Plaintiff earned wages on a weekly basis.

35.  During one or more workweeks, Defendants did not pay Plaintiffs the statutory overtime wage for all hours worked by Plaintiffs, in violation of the FLSA, 29 U.S.C. § 206 and 207.

36.  Plaintiffs were unlawfully denied overtime wages in violation of the FLSA, 29 U.S.C. § 206 and 207.

37.  By reason of the intentional, willful and unlawful acts of the Defendants, Plaintiffs have suffered damages.

38. Plaintiffs are owed an additional amount equal to the amount of overtime wages as liquidated damages.

39. Plaintiffs have engaged the undersigned attorney and are entitled to recover their attorneys' fees from the Defendants pursuant to the FLSA.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants, jointly and severally, for all unpaid overtime wages, liquidated damages, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

### COUNT III: BREACH OF CONTRACT
### (As to Mindy S. Sohn, P.A.)

40. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

41. Plaintiffs and Defendant, Mindy S. Sohn, P.A., entered into a verbal contract, pursuant to which Plaintiffs agreed to provide services as legal assistants to Defendants in exchange for certain compensation, including regular time and overtime.

42. Defendant, Mindy S. Sohn, P.A., breached the contract by, *inter alia*, failing to pay Plaintiffs agreed upon regular time and overtime for all hours worked.

43. As a direct and proximate result of Defendant's breach, Plaintiffs have suffered damages, including, but not limited to, the loss of money not paid to Plaintiffs in exchange for their services.

44. Plaintiffs have engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, the Plaintiffs demand judgment against Defendant, Mindy S. Sohn, P.A., for damages, together with prejudgment and post judgment interest thereon, attorneys' fees, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT IV: UNJUST ENRICHMENT
### (As to Mindy S. Sohn, P.A.)

45.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

46.     Plaintiffs provided services to Defendant, Mindy S. Sohn, P.A., by serving as legal assistants.

47.     By serving as legal assistants to Defendant, Plaintiffs conferred a benefit on Defendant, and Defendant had knowledge of that benefit.

48.     Defendant voluntarily accepted and retained that benefit conferred on it by Plaintiffs.

49.     The circumstances are such that Defendant's retention of the benefit is inequitable unless the Defendant pays the Plaintiffs the value of the benefit.

50.     Defendant has been unjustly enriched at the expense of the Plaintiffs.

51.     Plaintiffs are entitled to damages as a result of Defendant's unjust enrichment.

52.     Plaintiffs do not otherwise have an adequate remedy at law.

53.     Plaintiffs have engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendant is liable pursuant to section 448.08, Florida Statutes.

WHEREFORE, Plaintiffs hereby demands judgment against Defendants for all damages, together with prejudgment and post judgment interest, costs, and such other and further relief as this Court deems just and appropriate.

## COUNT V: FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT ("FDUTPA")
### (As to All Defendants)

54.     Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

55. Unconscionable, unfair, and deceptive practices in commerce are unlawful pursuant to the Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA").

56. Defendants were engaged in deceiving the Plaintiffs by misclassifying them as 1099 independent contractors in lieu of W2 employees. Therefore, the Defendants have engaged in an unconscionable act, as well as unfair and deceptive practices.

57. It is a violation of this statute to misclassify an employee as a 1099 independent contractor.

58. As a direct and proximate result of Defendants' unfair and deceptive trade practices, Plaintiffs suffered actual damages.

59. Defendants' actions were deceptive and unfair trade practices in violation of FDUTPA.

60. Plaintiffs have engaged the undersigned attorney and will incur attorneys' fees, for which fees Defendants are liable pursuant to FDUTPA.

WHEREFORE, Plaintiffs hereby demand judgment against Defendants for all damages, together with prejudgment and post judgment interest, costs, attorneys' fees, and such other and further relief as this Court deems just and appropriate.

### COUNT VI: 26 U.S.C. SEC. 7434
### (As to Mindy S. Sohn, P.A.)

61. Plaintiffs incorporate by reference the allegations contained in paragraphs 1 through 17 above as if fully set forth herein.

62. Defendant violated 26 U.S.C. Sec. 7434 by willfully filing fraudulent information returns.

63. Defendant should have issued the Plaintiffs W2s, especially since Defendant withheld taxes on occasion. However, the Defendant did not issue the Plaintiffs W2s as Defendant misclassified the Plaintiffs as 1099s.

64. Plaintiffs are entitled to damages resulting in harm to them for Defendant's violation of this statute.

65. As a direct and proximate result of Defendant's acts, Plaintiffs suffered and continues to suffer damages.

66. Pursuant to 26 U.S.C. Sec. 7434(d), a copy of this Complaint was served on the U.S. Internal Revenue Service, 1700 Palm Beach Lakes Blvd., West Palm Beach, FL 33401.

WHEREFORE, Plaintiffs prays that judgment be entered in their favor and against the Defendant as follows: Plaintiffs be awarded general and compensatory damages, liquidated damages, prejudgment interest; that Plaintiffs be awarded reasonable attorneys' fees and costs of suit; that a declaratory judgment be issued under Fed. R. Civ. P. 57; Plaintiffs be awarded actual damages or a minimum of $5,000.00 penalty (whichever is greater) pursuant to 26 U.S.C. § 7434(b); and that Plaintiffs be awarded other and further relief as the Court deems just and proper.

### Jury Trial Demand

Plaintiffs demands a trial by jury on all issues so triable.

Respectfully submitted this 27th day of March 2023

By: *s/Michelle Cohen Levy*
Michelle Cohen Levy, FBN 0068514
The Law Office of Michelle Cohen Levy, P.A.
4400 N. Federal Highway
Lighthouse Point, Florida 33064
P: (954) 651-9196
Michelle@CohenLevyLegal.com
Counsel for Plaintiffs