UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-60596-SMITH/REID

DANIELLA CARABALLO and
ALLISON BAUER,

    Plaintiffs,

v.

MINDY S. SOHN, P.A. and
MINDY SOHN, an individual,

    Defendants.
_____/

**AMENDED REPORT AND RECOMMENDATION ON**
**DISMISSAL OF PLAINTIFF ALLISON BAUER**

This cause is before the Court *sua sponte* regarding Plaintiff Allison Bauer's failure to appear for a settlement conference as ordered by this Court. For the reasons discussed below, it is **RECOMMENDED** that Plaintiff Allison Bauer's claim against Defendants be dismissed with prejudice.

**BACKGROUND**

Allison Bauer filed an action against Defendants Mindy S. Sohn, P.A. and Mindy Sohn, in her individual capacity on March 27, 2023, alleging violations of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 206. [ECF No. 1]. On May 30, 2023, District Judge Rodney Smith ordered the parties to schedule a date for a Settlement Conference, after the parties had filed their Statement of Claims and responses, and to appear for a Settlement Conference before the undersigned Magistrate Judge. The Undersigned met with counsel for both Plaintiffs and Defendants and scheduled the Settlement Conference for August 24, 2023. [ECF No. 25]. On the

1

scheduled date, Plaintiff Bauer failed to appear and failed to contact her attorney in this case. Plaintiffs' counsel learned that Plaintiff Bauer had been arrested around the time of the scheduled conference and may have been in police custody. Several weeks later, at a status conference on September 19, 2023, Plaintiffs' Counsel reported that a review of law enforcement websites showed that Plaintiff Bauer had been released from custody. Counsel attempted to contact Plaintiff Bauer by mail, e-mail, and by telephone, however, Plaintiff Bauer has not responded. Further, attempts to reach Plaintiff Bauer by telephone during the status conference were unsuccessful as the telephone number was no longer in service. The Undersigned recommends Plaintiff Bauer's claim be dismissed for failure to prosecute.

## **DISCUSSION**

Rule 41(a)(2), Fed. R. Civ. P., permits the Court to dismiss an action for failure to comply with a court order. Plaintiff Bauer has not been in contact with her counsel in this case despite counsel's repeated attempts to reach her and failed to appear at the scheduled Settlement Conference.

The remaining parties have settled, and the Court will be dismissing the case with prejudice.

For the foregoing reasons, it is **RECOMMENDED** that Plaintiff Bauer's claim be **dismissed with prejudice**.

Objections to this Report may be filed with the district judge within fourteen days of receipt of a copy of the Report. Failure to timely file objections will bar a *de novo* determination by the district judge of anything in this Report and shall constitute a waiver of a party's "right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions." 11th

Cir. R. 3-1; *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020); 28 U.S.C. § 636(b)(1)(C).

    **SIGNED** this 24th day of October, 2023.

                                      LISETTE M. REID
                                      UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge Rodney Smith;**

       **All Counsel of Record**