UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**CASE NO. 23-CV-60596-LMR**

DANIELLA CARABALLO and
ALLISON BAUER,

    Plaintiffs,

v.

MINDY S. SOHN, P.A. and
MINDY S. SOHN, an individual,

    Defendants.
_____/

**JOINT MOTION FOR APPROVAL OF
SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE**

    Plaintiff, Daniella Caraballo ("Plaintiff Caraballo"), and Defendants Mindy S. Sohn, P.A. and Mindy S. Sohn, an individual ("Defendants") (collectively the "Parties"), hereby respectfully file this Joint Motion for Approval of Settlement and Dismissal with Prejudice. In support of their Joint Motion, the Parties state as follows:

    1.    On March 27, 2023, Plaintiff Caraballo and Plaintiff Allison Bauer ("Plaintiff Bauer") (collectively "Plaintiffs") filed their six-count Complaint for alleged unpaid minimum wages and unpaid overtime in violation of the Fair Labor Standards Act ("FLSA"), and claims for alleged breach of contract, unjust enrichment and violation of Florida Deceptive and Unfair Trade Practices Act, § 501.201 et seq, Florida Statutes ("FDUTPA") and violation of 26 U.S.C. SEC. 7434. *See* [D.E. 1].

    2.    On June 9, 2023, Plaintiff Caraballo and Plaintiff Bauer filed an Amended Complaint which dropped the claim for alleged violation of FDUTPA and amended the claim for

alleged violation of 26 U.S.C. SEC. 7434 to state the claim on behalf of Plaintiff Bauer only. *See* [D.E. 10].

3. On June 29, 2023, Defendants filed a Motion to Dismiss for lack of jurisdiction and other reasons as set forth therein. [D.E. 15].

4. On October 23, 2023 the Parties attended a Settlement Conference before Magistrate Judge Lisette M. Reid in which the Parties settled. Magistrate Reid held a Fairness Hearing and determined the settlement was a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). [D.E. 32, 33].

5. On October 24, 2023, Magistrate Reid entered an Amended Report and Recommendation on Dismissal of Plaintiff Allison Bauer for the reasons stated therein. *See* [D.E. 35].

6. The Parties consented to Jurisdiction of the Magistrate on October 25, 2023 and the Court thereafter entered an Order of reference to Magistrate Reid for any and all further proceedings in this case, including entry of final judgment. [D.E. 36, 37].

7. On November 8, 2023, the Court entered an Order adopting the Magistrate's Report and Recommendation of Dismissal of Plaintiff Allison Bauer and her claims against Defendants and Count V for violation of 26 U.S.C. SEC. 7434 were dismissed with prejudice. [D.E. 38].

8. Plaintiff Caraballo's claims Counts I-IV remained pending for the Parties to prepare an agreement in writing memorializing the settlement reached before Magistrate Reid at the October 23, 2023 Settlement Conference. A copy of the fully executed Settlement Agreement is attached hereto for the Magistrate's review. Exhibit A.

9. Assuming the Court approves the Settlement Agreement, the parties also hereby stipulate to the dismissal with prejudice of this action.

10. The Parties have reached what they believe to be a fair and reasonable agreement to settle this case and avoid uncertainty, time, and expense of further litigation. Plaintiff is receiving a reasonable and satisfactory recovery of an agreed upon sum for the claims she has asserted in this action. The settlement payments to be made to Plaintiff will include an agreed upon sum for unpaid wages (unliquidated damages) plus an equal amount for liquidated damages.

11. The settlement amounts to be paid to Plaintiff were negotiated separately from the settlement amounts to be paid to Plaintiff's counsel for attorneys' fees and costs.

12. Plaintiff and Defendants acknowledge and agree that the above settlement represents a fair and reasonable compromise between both Parties over the disputed claims in this case and the Magistrate determined it was fair and reasonable at the Settlement Conference.

13. Accordingly, the Parties respectfully request that the Court enter an Order granting the Parties' Joint Motion, approving the Settlement Agreement, and dismissing Plaintiff's lawsuit with prejudice, without any separate taxing of costs or attorneys' fees.

## MEMORANDUM OF LAW

### A. Legal Principles

A compromise of a claim under the FLSA requires court approval to ensure that the settlement agreement provides a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging [the] settlement of litigation." *Id.* at 1354. In determining whether the settlement is fair and reasonable, the Court

should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F.3d 1527, 1531 (11th Cir. 1994); *see also McHone v. Donald P. Hoekstra Plumbing, Inc.*, No. 10-CV-60322, 2010 WL 4625999, at *1 (S.D. Fla. Nov. 4, 2010); *see also Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *2 (S.D. Fla. Oct. 20, 2021).

There is a " 'strong presumption' in favor of finding a settlement fair." *Villa v. Turcios Grp. Corp*, No. 21-CV-23709, 2022 WL 2713742, at *3 (S.D. Fla. 2022) (citing *Walker v. Kirkman Mgmt., LLC*, No. 20-1149, 2022 WL 1037369, at * 2 (M.D. Fla. 2022) (quoting *Cotton v. Hinton*, 559 F.2d 1336, 1331 (5th Cir. 1977)).

**B.      All of the Relevant Criteria Supports Final Approval of the Settlement**

Courts have found no fraud or collusion where both parties were represented by counsel and the amount to be paid to the plaintiff appeared fair. *See Helms v. Central Fla. Reg. Hosp.*, No. 6:05-cv-383-Orl-22JGG, 2006 U.S. Dist. LEXIS 92994, at 11-12 (M.D. Fla. 2006).  Here, each party was independently represented by legal counsel with extensive experience in litigating claims under the FLSA.  Counsel for the parties were obligated to, and did, vigorously represent their clients' rights. It is clear there is no fraud or collusion based on the representation of the parties and the amounts to be paid to Plaintiff.

The remaining factors weigh in favor of approving this settlement. The present claim involved a complex factual dispute. If the Parties continued to litigate this matter, they would be forced to engage in protracted litigation, at a cost many times that of the amount claimed by

Plaintiff, with an outcome that remained uncertain for both parties. This settlement, therefore, is a reasonable means for both parties to minimize future risks and litigation costs.

Further, the Parties informally exchanged information regarding the documents each party had regarding the claims in this matter before reaching any agreement. The exchange of information regarding these documents resulted in the exchange of considerable facts, supporting evidence, and legal theories regarding the claims and defenses of the Parties. The Parties reached a settlement only after conducting an adequate investigation of the disputed claims and engaging in an educated and informed analysis of the issues.

Lastly, the probability of success on the merits and the range of possible recovery also supports approval of the settlement. The Parties meaningfully disagreed over the number of hours claimed, a key issue that has been disputed from the inception of the case, and the records of hours worked as reported by Plaintiff. The Parties exchanged conflicting evidence and numerous legal arguments and authorities on the issue. Plaintiff and Defendants continue to disagree over the merits of the claim asserted by Plaintiff, and both offered facts and evidence to support their respective positions. As such, Plaintiff's probability of success on the merits and the range of possible recovery are uncertain, further suggesting that this settlement is fair, reasonable, and appropriate. *See Steinhauser v. Elec. Energy Sys., Inc.*, No. 6:08-cv-1518, 2009 WL 1458031 (M.D. Fla. May 26, 2009) (approving settlement agreement where "[i]t appeared that further litigation of this case might have resulted in no recovery to Plaintiff at all").

For the reasons set forth above, this Court should grant the Parties' Joint Motion and approve the Settlement Agreement.

**C.   This Court Should Grant the Parties' Joint Motion and Approve the FLSA Settlement as the Proposed Attorneys' Fees are Reasonable.**

This Court should approve the Parties' FLSA Settlement because the Parties agreed upon Plaintiff's attorneys' fees separately and without regard to the amount paid to the Plaintiff under the Parties' settlement agreement. The Court in *Johnson v. Gonzo Mktg. Servs., LLC* stated that:

> if the parties submit a proposed FLSA settlement that, (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement ...; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel.

*Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *3 (S.D. Fla. 2021) (quoting *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009)).

Here, the settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. The agreed upon amount of attorneys' fees and costs to Plaintiff's counsel is for representation of Plaintiff through the conclusion of the settlement, which was considered and negotiated separately from and without regard to the amount paid to Plaintiff to settle her FLSA claim. Plaintiff submits that her recovery was not adversely affected by the amount to be paid to her attorney.

The settlement is reasonable, and therefore, the Parties respectfully request that this Court approve Plaintiff's attorneys' fees without separate consideration of the reasonableness of the fee to be paid to Plaintiff's attorney. *Johnson v. Gonzo Mktg. Servs., LLC*, No. 21-60775-CIV, 2021 WL 8363200, at *3 (S.D. Fla. 2021). Accordingly, the Parties respectfully submit that the amount separately negotiated for Plaintiff's attorneys' fees and costs is fair and reasonable and should be approved.

### D. Analysis Of Various Factors

Counsel for the Parties note there is no existence of fraud or collusion in this matter. See *Helms v. Central Fla. Reg. Hosp.,* No. 6:05-cv-383-Orl-22JGG, 2006 WL 3858491, at *4 (M.D. Fla. Dec. 21, 2006) (no fraud or collusion where both parties were represented by counsel and the amount paid to the plaintiff seems fair). The settlement here does not result in a compromise of Plaintiff's claims, the attorneys' fees and costs were negotiated separately, and all Parties were represented by competent and experienced counsel.

This was a disputed FLSA matter involving a number of disputed legal and factual arguments. As stated *supra*, the range of recovery in this case was threatened by a number of obstacles. The Parties strongly dispute the merits of Plaintiff's claims making protracted litigation inevitable if the proposed settlement is not approved. Accordingly, Plaintiff's probability of success on the merits, and the uncertainty that she would be awarded any amount or what such amount would be, further support the proposed compromise and show that this settlement is fair and appropriate. See e.g., *Fernandez v. A-1 Duran Roofing, Inc.*, 2013 U.S. Dist. LEXIS 35821 at *2 (S.D. Fla. Feb. 25, 2013).

Finally, counsel for both Parties agree this settlement is eminently fair and reasonable given the factual and legal disputes discussed in this Motion.

## **CONCLUSION**

For the reasons set forth above, this Court should approve the Parties' Settlement as the terms of the terms of the settlement are fair, reasonable and adequate. All the factors to be considered by the Court in deciding whether to approve the settlement weigh in favor of finding that the Parties' Settlement is fair and reasonable. Similarly, this Court should grant the Parties' Joint Motion and approve the Parties' Settlement because the amount for Plaintiff's attorneys' fees

in this case was negotiated separately and without regard to the amount to be paid to Plaintiff, and the settlement is fair and reasonable.

**WHEREFORE**, the Parties respectfully request this Court enter an Order: (1) granting their Joint Motion for Approval of the Settlement (2) approving the Parties Settlement Agreement; (3) dismissing this case with prejudice, without taxing for attorneys' fees and costs; and (4) granting such other relief this Court deems just and proper.

Respectfully Submitted on this _13__ day of January, 2024,

| | |
|---|---|
| /s/ Allyson Kisiel | /s/ Michelle C. Levy |
| Allyson Kisiel, Esq. | Michelle C. Levy, Esq. |
| Fla. Bar No.: 91506 | Fla. Bar No.: 68514 |
| The Kleppin Law Firm | The Law Office of Michelle Cohen Levy |
| 8751 West Broward Boulevard, Suite 105 | 633 SE 3rd Avenue, Suite 4F |
| Plantation, FL 33324 | Fort Lauderdale, FL 33301 |
| 954-424-1933 | (954)651-9196 |
| Email: allyson@kleppinlaw.com | Email: michelle@cohenlevylegal.com |
| *Counsel for Defendants* | *Counsel for Plaintiffs* |

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on January _13___, 2024, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached service list in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel of parties who are not authorized to receive electronically Notices of Electronic Filing.

By: /s/ Allyson Kisiel
     Allyson Kisiel

**SERVICE LIST**

*Served via transmission of Notices of Electronic Filing generated by CM/ECF:*

Michelle C. Levy, Esq.
The Law Office of Michelle Cohen Levy
633 SE 3rd Avenue, Suite 4F
Fort Lauderdale, FL 33301
(954)651-9196
Email: michelle@cohenlevylegal.com
*Counsel for Plaintiffs*